IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL ROWE,

                                                                     ORDER

               Plaintiff,

                                                           14-cv-195-bbc

    v.

NURSE TRISH, KAREN ANDERSON,
SGT. HAGG, LT. KARNA and
DAVID SPANNAGEL,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered September 23, 2015, I denied pro se plaintiff Michael Rowe's motion for summary judgment because he failed to follow this court's <u>Procedures to be Followed on Motions for Summary Judgment</u>.  Dkt. #31.  Now, two weeks after receiving the court's September 23 order, plaintiff has filed another motion for summary judgment along with a letter stating that if this second attempt at filing a motion for summary is not correct, he will need the assistance of an attorney in this case.

      Plaintiff's second motion for summary judgment will be denied, again without prejudice to plaintiff's refiling it before the November 2, 2015 deadline to file dispositve motions.  Plaintiff does not appear to have even attempted to follow this court's procedures on filing a motion for summary judgment despite having received specific instructions on how to do so.  In the September 23 order, I explained to plaintiff that to comply with the

1

procedure, he needed to file a motion, a brief in support, a separate document setting forth his proposed findings of facts and any actual evidence, such as incident reports or medical records, that support his proposed facts. In addition, plaintiff received another copy of the written Procedures to be Followed on Motions for Summary Judgment. Plaintiff seems to think that by failing to follow procedures, he is entitled to receive assistance from a volunteer attorney to help him litigate his case. Unfortunately for plaintiff, this is not so.

As plaintiff has been told in two previous orders denying his prior motions for assistance in recruiting counsel, he must first show that he has submitted letters from at least three lawyers who have denied his requests for representation. Dkt. ##18 and 21. Plaintiff has not yet met this requirement. Nor has plaintiff demonstrated that this case will present difficulties that are beyond his abilities, as required by Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). At this point, plaintiff's submissions indicate that he can effectively organize and present his arguments. Plaintiff simply needs to take the time to read the instructions and try to the best of his ability to follow them. It is possible that this case will prove to exceed plaintiff's ability to litigate it, and if that happens I will attempt to recruit counsel. But that is not yet the case and plaintiff's request for counsel will be denied.

Plaintiff should know that he is not required to file his own motion for summary judgment. In fact, in a case like this one that requires plaintiff to prove defendants' mental state, it is unusual for plaintiff to seek summary judgment and even more unusual for a plaintiff to obtain summary judgment. This is because, in the absence of an admission from defendants, it is difficult for a plaintiff to prove as a matter of law that defendants

consciously refused to help him. Thus, it may make more sense for plaintiff to focus his efforts on *responding* to any summary judgment motion that defendants file instead of filing his own motion.

ORDER

IT IS ORDERED that plaintiff Michael Corez Rowe's motion for assistance recruiting counsel, dkt. #33 is DENIED without prejudice and plaintiff's second motion for summary judgment, dkt. #34 is DENIED without prejudice to his refiling his motion in accordance with the procedures outlined in the pretrial conference order.

Entered this 13th day of October, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge